# EXHIBIT A

IN THE CIRCUIT COURT OF PUTNAM COUNTY, TENNESSEE
FOR THE THIRTEENTH JUDICIAL DISTRICT AT COOKEVILLE

NATIONWIDE INSURANCE COMPANY OF
AMERICA a/s/o ROBERT HINER
and a/s/o PHYLLIS HINER,

    Plaintiff,

v.

MICHELE PETERSON, and
THE AI FLEET, INC.,

    Defendants.

No. 2024-CV-133
Div. _____

## COMPLAINT

COMES NOW the Plaintiff Nationwide Insurance Company of America (hereinafter also referred to as "Nationwide") as subrogee of Robert and Phyllis Hiner (hereinafter also referred to as "the Hiners"), by and through counsel, and brings this Action against Defendants Michele Peterson (hereinafter also referred to as "Defendant Peterson" and collectively as "Defendants") and The AI Fleet, Inc. (hereinafter also referred to as "Defendant AI Fleet" and collectively as "Defendants") in tort seeking recovery of insurance claim payments for property damage caused by the Defendants' negligence relative to a motor vehicle accident that occurred in Baxter, Putnam County, Tennessee on or about July 6, 2022. In support, Nationwide would show unto this Honorable Court as follows:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Nationwide Insurance Company of America is a foreign insurance company domiciled in the State of Ohio with its principal office located in the State of Ohio that is duly authorized to conduct business in the State of Tennessee.

1

Filed 6/11/24
Time 9:00 AM
Jennifer Wilkerson, Clerk
By _____ D.C

2. At the times relevant, Robert and Phyllis Hiner were adult residents of Whiteford, Maryland who enjoyed coverage under a policy of insurance with Nationwide.

3. Upon information and belief, Defendant Michele Peterson is an adult resident of Stuarts Draft, Virginia who may be personally served with process via certified mail at P.O. Box 604, Stuarts Draft, Virginia 24477 or at 1058 Cold Springs Road, Stuarts Draft, Virginia 24477.

4. Upon information and belief, Defendant The AI Fleet, Inc. is a foreign corporation formed in the State of Delaware with its principal office located in the State of Texas that may be served with process via its registered agent, United Corporate Services Inc., at 815 Brazos, Suite 500, Austin, Texas 78701.

5. Jurisdiction and venue are proper in Putnam County, Tennessee pursuant to Tennessee Code Annotated § 16-10-101 and Tennessee Code Annotated § 20-4-101, respectively, as the motor vehicle accident giving rise to this Action occurred in Putnam County, Tennessee.

FACTS AND CAUSE OF ACTION

6. By incorporation through reference, Nationwide restates all previous allegations and averments.

7. At all times relevant, the Hiners have enjoyed coverage under a policy of insurance with Nationwide relative to their 2019 Nexus Evoque 37E recreational vehicle referenced by vehicle identification number 4UZAB2FC3KCKS3819 (hereinafter also referred to as "the Hiners' RV").

8. On or about July 6, 2022, Robert Hiner was operating the Hiners' RV on or about the parking lot of the Love's Travel Stop located at or near 110 Fast Lane, Baxter, Tennessee 38544 and had come to a stop waiting in a line of vehicles to purchase fuel.

9. At the same time, Defendant Peterson was operating a 2018 Freightliner tractor trailer truck on or about the parking lot of the Love's Travel Stop located at or near 110 Fast Lane, Baxter,

2

Tennessee 38544 and had come to a stop waiting in a line of vehicles to purchase fuel such that the tractor trailer truck operated by Defendant Peterson was immediately in front or, or otherwise ahead of, the Hiners' RV in the line of vehicles.

10. Upon information and belief, Defendant AI Fleet owned and/or leased the 2018 Freightliner tractor trailer truck operated by Defendant Peterson at the times relevant.

11. Upon information and belief, Defendant Peterson operated the 2018 Freightliner tractor trailer truck with the knowledge, permission, and consent of Defendant AI Fleet at the times relevant.

12. Upon information and belief, Defendant Peterson operated the 2018 Freightliner tractor trailer truck within the scope and course of her employment with Defendant AI Fleet at the times relevant.

13. Upon information and belief, Defendant AI Fleet had entrusted its 2018 Freightliner tractor trailer truck to Defendant Peterson at the times relevant.

14. As Robert Hiner sat stationary in the Hiners' RV waiting for his opportunity to purchase fuel, Defendant Peterson abruptly and without warning caused or otherwise allowed the 2018 Freightliner tractor trailer truck she was operating to travel backwards causing the rear of the 2018 Freightliner tractor trailer truck to collide with the front of the Hiners' RV.

15. As a result of the collision, the Hiners' RV sustained damage.

16. As a result of the collision, the Hiners lost the use of the Hiners' RV for a period of time.

17. Defendant Peterson's acts and/or omissions, including, but not limited to, failing to maintain control of the vehicle she was operating, failing to maintain a safe lookout, backing without looking and/or appreciating the presence of the Hiners' RV, engaging in reckless driving,

and/or failing to operate the vehicle in a reasonably prudent manner under the circumstances then and there existing constitute negligence.

18. At all times relevant, Defendant Peterson was operating Defendant AI Fleet's 2018 Freightliner tractor trailer truck within the scope and course of her employment with Defendant AI Fleet such that Defendant AI Fleet is vicariously liable for Defendant Peterson's negligence in operating the motor vehicle and all damage resulting therefrom.

19. Defendant AI Trucking negligently entrusted its 2018 Freightliner tractor trailer truck to Defendant Peterson because it knew, or in the exercise of reasonable caution should have known, that Defendant Peterson was not capable of operating the vehicle in a reasonably prudent manner.

20. Defendants' negligence is the sole, direct, and proximate cause of the subject motor vehicle accident and all resulting damages.

21. Upon information and belief, the Hiners' RV was a special limited edition such that Nexus no longer manufactured the same model of the Hiners' RV or replacement parts for it as of July 6, 2022.

22. Upon information and belief, replacement parts to repair the damage to the Hiners' RV caused by Defendants' negligence could not reasonably be obtained from the secondary market after the subject motor vehicle accident of July 6, 2022.

23. After the subject motor vehicle accident of July 6, 2022, the Hiners' RV was not capable of repair so as to restore its function, appearance, and value as they were immediately prior to the subject motor vehicle accident of July 6, 2022.

24. Pursuant to its insurance policy, Nationwide made payment in an amount not less than $218,090.41 to and/or on behalf of the Hiners for the total loss of the Hiners' RV caused by

Defendants' negligence such that USAA is legally, contractually, and equitably subrogated to recover the same from Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Nationwide Insurance Company of America prays that the Court grant it judgment in an amount not to exceed $300,000.00 for compensatory damages and, further, award it discretionary costs, court costs, pre-judgment interest, and post-judgment interest.

Respectfully submitted,

McDONALD KUHN, PLLC

Joseph B. Baker (28046)
5400 Poplar Avenue, Suite 330
Memphis, Tennessee 38119
(901) 526-0606
jbaker@mckuhn.com
*Attorneys for Plaintiff*